**Lucien H. WARNER and Grace W. Warner, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1044-60.**

United States District Court
S. D. California,
Central Division.

April 25, 1962.

768

Flint & MacKay, John C. Argue, Los Angeles, Cal., for plaintiffs.

Francis C. Whelan, U. S. Atty., Robert H. Wyshak, Loyal E. Keir, Asst. U. S. Attys., for defendant.

STEPHENS, District Judge.

## ORDER

The Memorandum of Decision dated March 28, 1962, heretofore filed on March 29, 1962, is hereby withdrawn and the Memorandum of Decision filed contemporaneously herewith is substituted therefor nunc pro tunc as of March 29, 1962.

## MEMORANDUM OF DECISION

On September 1, 1950, Nayan H. Warner (hereinafter referred to as the wife) and her husband, Lucien H. Warner (hereinafter referred to as the husband) entered into a property settlement agreement in contemplation of a divorce. Seven weeks later, on October 19, 1950, the wife secured a Nevada divorce from her husband. The property settlement agreement was introduced at the trial as an exhibit, approved by the Court and incorporated in the decree by reference.

On February 16, 1953, the wife filed a complaint for separate maintenance in California. On September 30, 1953, the attorneys for the parties* executed a stipulation for judgment which stipulation also bore the signatures of the parties indicating that they had read, fully understood and approved of the stipulation. Judgment was rendered pursuant to the stipulation on October 22, 1953.

The property settlement agreement provided for the support and maintenance of the wife by monthly payments from the husband, beginning September 1, 1950, and continuing for as long as the wife should remain unmarried. Each payment was in an amount which intended to equate the financial needs of the wife for that month and to be within the husband's ability to pay.

This arrangement was modified by the stipulation and the judgment based thereon to provide for payment of a sum certain by the husband to the wife in complete discharge of the husband's obligation to support and maintain his wife and not for other considerations. The stipulation expressly provided that this sum was alimony. The payment thereof was not conditioned upon the wife's remaining unmarried. This provision of the property settlement agreement was deleted and except as modified by the stipulation, the property settlement was to remain in full force and effect.

The sum to be paid to the wife pursuant to the stipulation was to be paid in two installments which were not equated to the financial needs of the wife for

* Reference to the parties is reference to *Nayan* H. Warner and Lucien H. Warner except where plaintiffs are referred to, which is reference to *Grace* W. Warner and Lucien H. Warner.

support over the period of time of payment. Payment in installments was arranged to permit the wife to receive the money in two taxable years instead of one. The payments were made.

The plaintiffs filed timely income tax returns for the years 1953 and 1954 and paid the taxes shown thereon to be due and subsequently deficiency assessments were levied which were paid by plaintiff Lucien H. Warner. Timely claims for refund of the deficiency assessments plus interest were filed and were disallowed. The plaintiffs then brought this suit for recovery of the deficiency assessments plus interest. It was stipulated that if plaintiffs were entitled to judgment, the judgment should be in favor of plaintiff Lucien H. Warner only.

If the two payments made by the husband to the wife are periodic payments for the purpose of the Int.Rev. Code [1939 § 22(k) and § 23(u) and 1954 § 71 and § 215, 26 U.S.C.A. §§ 22(k), 23(u) and §§ 71, 215], plaintiff Lucien H. Warner is entitled to recover. To qualify as periodic payments, the payments must be (1) in the nature of alimony or an allowance for support and (2) subject to any one or more of the contingencies of death of either spouse or remarriage of the wife. [Treas.Reg. § 1.71–1 (d) (3) (i) (1954).]

The government argued that the payments, or at least part of them, were for considerations other than for alimony or support. This was not the case. The evidence showed that the total amount was settled upon by adding accrued alimony to a basic settlement figure plus an estimated amount of income tax which the wife would be required to pay on the total amount she received. In assessing an income tax upon the sum, when received by the wife, the government would tax the total amount received as income to the wife. The parties recognized this and the obvious fact that the tax impact would be different if the money were to be received half in one year and half in the next, yet the amount remained the same. This method of ar-

riving at a settlement sum is a familiar bargaining technique which does not alter the fact that the parties considered the whole amount to be alimony. Unless pursuant to an agreement, the husband would have no legal obligation to pay his wife's income taxes after a divorce and no such agreement was made in this case. So waiver by the wife of any such claim against the husband is no consideration for the payments made by the husband.

The remaining inquiry is whether the payments were subject to one or more of the contingencies of death of either spouse or remarriage of the wife. The contingency of remarriage was eliminated as above noted, narrowing the issue to the contingency of the death of either spouse. Such a contingency must be set forth "in the terms of the decree, instrument or agreement," or be "imposed by local law." [Treas.Reg. 1.71–1(3) (ii) (a) (1954).] No such contingency is set forth in the terms of the judgment in the divorce action or the separate maintenance action or in the property settlement agreement or the stipulation. The issue is now narrowed down to a question as to whether such a contingency is imposed by local law.

Plaintiffs point to California Civil Code, § 139 (as amended, 1951) as local law which imposes such a contingency. The code section is in three paragraphs. The first paragraph provides: "In any interlocutory or final decree of divorce or in any final judgment or decree in an action for separate maintenance, the court may compel * * *" the losing party to provide support and maintenance to the other and for the children and that the judgment or decree may be enforced by appropriate orders.

The second paragraph provides that the court may enforce, modify or revoke such provisions. The third paragraph reads as follows:

"Except as otherwise agreed by the parties in writing, the obligation of any party in any decree, judgment or order for the support and maintenance of the other party shall termi-

nate upon the death of the obligor or upon the remarriage of the other party."

The government asserts that the quoted portion of the first paragraph limits the applicability of the whole section to an interlocutory or final decree of divorce or a judgment for separate maintenance. The second paragraph is so limited by its language which refers back to the preceding paragraph as follows: "The portion of *the* decree or judgment * * * and *the* order or orders of the court to enforce the same * * *." (Emphasis added.)

Unlike the second paragraph, the third paragraph refers to *"any decree, judgment or order* for the support and maintenance of the other party * * *." (Emphasis added.) This language is without restriction to *the* decree or judgment referred to elsewhere in the section and, with respect to orders, is not restricted to orders to enforce *the* decrees or judgments referred to in the first paragraph. The third paragraph is applicable exactly as therein stated to "any decree, judgment or order for the support of the other party." It is applicable to the judgment in the separate maintenance action unless it is not such a judgment.

Pursuing the argument along this line, the government concedes that the California court had jurisdiction of the subject matter and of the parties and that the enforceability of its judgment is not in question, but argues as follows: The property settlement agreement was an integrated bargain agreement which cannot be modified without the consent of the parties. The modification thereof was by act of the parties only and the separate maintenance action amounted to nothing more than a suit upon the contract.

Of course, the parties can modify their agreement whether it be an integrated agreement or not in such a way as suits their purposes. They did so by their stipulation which by its terms provides for alimony to the wife. Regardless of the original character of the property settlement, the stipulation modified it in such a way that it was not then an integrated agreement. Any argument which depends upon the agreement as modified by the stipulation being an integrated bargain agreement is fallacious in fact. The California court could make an order for the support and maintenance of the wife, as indeed it did.

In the terms of this case California Civil Code, § 139 says that except as otherwise agreed by the parties in writing, the obligation of the husband for the support and maintenance of the wife, as it appears in the separate maintenance action judgment, terminates upon the death of the husband. For the purposes of this discussion, it is assumed that the parties agreed in writing that the remarriage of the wife would not relieve the husband of his obligation to make payments.

If by reason of this statute the wife could not have recovered the second payment had the husband died before it was due, then the two payments are periodic payments.

The stipulation for judgment in the separate maintenance suit was an agreement in writing between the parties to that action and the earlier divorce action. At the trial the government called Dr. Warner, the husband, and Mr. Goldstone, the wife's attorney, as witnesses. Over the objection of counsel for the plaintiffs, but subject to a later motion to strike, their testimony was taken concerning the circumstances leading up to and surrounding the making of the agreement. Plaintiffs' counsel moved to strike this testimony and the motion was taken under submission. It is now denied. There was no pretrial order in this case, but on September 10, 1961, the parties stipulated that there were six issues and set them forth. The testimony and the exhibits are relevant and material to issues 2, 3, 4 and 5.

The wife's attorney testified that there was some discussion about making sure that the payments would be made when due by having the husband deposit the

entire sum with the husband's attorney with instructions to make both payments. This was not done, but the discussion reflects the intention of the parties that the payments should be made free from any contingency which had been considered but is not indication that the possibility of the husband's death had been considered.

Plaintiffs argue that the attorneys representing the respective parties are presumed to know the law applicable to such property agreements and to have drawn the agreement bearing in mind the legal effect of § 139, Civ.Code. The argument is that it is presumed that the parties have deliberately omitted to provide that the second payment was to be made even if the husband died before the due date, intending thereby to make the payment subject to such contingency.

Inquiry into the acceptability of this argument is fruitless since the result is the same from two other alternative approaches. If inquiry be made as to the true facts, there is no evidence from which it might even be inferred that the parties or their attorneys had in mind Section 139 of the California Civil Code. The minds of the parties never met on the question of the right of the wife to the second payment in the event of the intervening death of the husband. There is no reason to believe that the possibility of the death of the husband before the second payment, which was to be made only 94 days after the first payment, was given any consideration whatever. Such a contingency was not considered. In actual fact this was a subject upon which there was no agreement in writing or otherwise.

The government argues that the agreement is clear and sufficient because absolute in its terms and that, therefore, the parties intended that both payments should be made in any event. An obligation in a written instrument is always construed as absolute except as qualified by express exceptions, conditions or contingencies. When the law requires that agreement regarding a certain covenant be in writing, the covenant in question must appear in the writing itself.

California Civil Code Section 139 expresses the public policy of the State which is not to be contravened except by an agreement in writing to such effect. [Hilton v. McNitt, 49 Cal.2d 79, 82, 315 P.2d 1 (1957).] This could mean nothing less than that the agreement should not only be in writing but that it must contain words which state the exception agreed upon. To hold otherwise would nullify the legislative intent by saying that agreements in the words and phrases and form which have always been used constitute the written exception required by the statute and the law would remain as it always was, unchanged by the statute.

There is absolutely no reference in writing to the death of the obligor, the husband. So, regardless of the intentions of the parties, even if they be ascertainable from the circumstances leading up to and surrounding the execution of the agreement in writing between the parties, which they are not, the parties have not agreed in writing that the obligation contained in the judgment shall not terminate upon the death of the obligor and so the obligation to make the second payment is contingent upon the survival of the husband until the date the second payment is due, such contingency being imposed by local law. The payments were, therefore, "periodic" payments within the meaning of the Internal Revenue Code and plaintiff Lucien H. Warner is entitled to judgment.

Judgment should be entered accordingly and plaintiff Lucien H. Warner is entitled to costs as provided by 28 U.S.C.A. § 2412(b). This Memorandum of Decision shall substitute for Findings of Fact and Conclusions of Law. [Fed.R.Civ.P. Rule 52, 28 U.S.C.A.] Counsel for plaintiffs shall prepare an appropriate judgment.

The Clerk is directed this day to serve copies of this Memorandum of Decision by United States mail upon the parties appearing in this cause.